*JH*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH ZILBERSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 04 C 3777 |
| v. | ) |
| | ) Judge John W. Darrah |
| KENDALL COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Defendant's motion to enforce the settlement agreement.

Plaintiff, Elizabeth Zilberstein, a former employee of Defendant, Kendall College, filed suit, *pro se*, alleging that she was terminated due to her age, national origin, and/or sex. Plaintiff also filed a motion for appointment of counsel, which was granted. Subsequently, Plaintiff's first appointed counsel withdrew and was replaced with new counsel. Plaintiff's second appointed counsel withdrew, as well. Plaintiff's subsequent motions for appointment of additional counsel were denied. Plaintiff continued to prosecute her claim *pro se*.

On November 9, 2006, Magistrate Judge Valdez conducted a settlement conference attended by Plaintiff, Plaintiff's friend (Alex Jotvis) and Defendant. An oral settlement agreement was reached between the parties, as set out in the transcript of the proceedings before Judge Valdez, as follows:

> The Court: All right. The Court has just completed a settlement conference in this case, and we decided to go on the record with the outline of the terms of settlement. I'm going to articulate that,

and I'll ask that each of you state whether or not this is your understanding.

That in exchange for four – in exchange for $4,500 from defendant, the plaintiff will agree to dismiss her claims with prejudice. She will agree to a release, a general release. She will agree to confidentiality. That there will be an agreed to statement if anybody asks her what was the result of her lawsuit, it will be something to the effect of the case was settled. She also understands that with that confidentiality is a non-disparagement, that she cannot say anything negative about Kendall College unless she is compelled by a Court to testify. All right. Those are the general terms. She also understands that Kendall College has agreed – has stated that this agreement does not include that she will be reinstated.

All right. Ms. Zilberstein, do you understand these terms? Just speak into the microphone.

Ms. Zilberstein: Yes.

The Court: You understand these terms?

Ms. Zilberstein: Reinstatement, it means rehire?

The Court: That's right.

Ms. Zilberstein: Yeah.

The Court: That you understand this –

Ms. Zilberstein: Yeah.

The Court: – that part of this settlement is not –

Ms. Zilberstein: yes.

The Court: – a rehire?

Ms. Zilberstein: Uh-huh.

The Court: Yes?

Ms. Zilberstein: Yes.

The Court: All right. Do you agree that this is the settlement you have agreed to?

2

> Ms. Zilberstein: Yes.
>
> The Court: All right.
>
> Mr. Convery: Yes, your Honor. And I will prepare a written document reflecting these terms.
>
> The Court: All right. And how soon can you get that to Ms. Zilberstein?
>
> Mr. Convery: I'll have that next week, within like three business days.
>
> The Court: And after there is a signature of the agreement, how soon will the check be available?
>
> Mr. Convery: I have to check, but I would say within ten days.
>
> The Court: Within ten days after signature of the – after you sign Ms. Zilberstein, not ten days from today.
> And then after that I would expect, Mr. Convery, that you can draft an agreed order of dismissal for Ms. Zilberstein to review before it is submitted to the district court.
>
> Mr. Convery: That's correct. I will do that, your Honor.
>
> The Court: All right. That is the entire settlement agreement that was reached today. This is enforceable. As I mentioned to Ms. Zilberstein, this is in fact an oral contract, and this is the – this will be enforceable. There will be a written agreement that will contain the entire statement of settlement with signatures.

As set out above, a written document was to be prepared by Defendant and presented to Plaintiff for her signature. There was no reference in the agreement regarding Plaintiff's use of her personal notes to pursue her case.

On November 15, 2006, Defendant presented Plaintiff with a formal settlement agreement and general release reflecting the oral agreement reached at the November 9 settlement conference. On November, 29, Plaintiff filed a "Motion Asking For Transcript"; the parties appeared on Plaintiff's motion on December 5, 2006, before

3

Judge Valdez. During this proceeding, Plaintiff indicated that she no longer agreed to the settlement agreement and that she had changed her mind on certain points. Judge Valdez denied Plaintiff's motion and requested that counsel for Defendant meet with Plaintiff to discuss the issues she had regarding the written settlement agreement. Immediately following that motion call, Defendant's counsel and Plaintiff met in Judge Valdez's witness room. During the meeting, Plaintiff raised a number of issues that in effect would change the substance of the settlement reached on November 9, 2006, and/or would simply add new terms. Plaintiff did not claim in this meeting that she wanted to continue her lawsuit; she only stated that she wanted the changes to enhance her benefits under the settlement. The original settlement agreement was modified and was sent to Plaintiff on December 7, 2006. At a December 13, 2006 status call before Judge Valdez, Plaintiff indicated that she did not agree with the original settlement agreement nor the revised version.

On January 12, 2007, Plaintiff faxed a letter to Defendant, indicating that she did not intend to sign the settlement agreement. Plaintiff claimed that she agreed to accept the settlement at the settlement conference based on her being told she would not be able to use her personal notes to pursue her case. After Plaintiff returned home from the settlement conference, she contacted an unidentified lawyer, who informed Plaintiff that she would be able to use her notes. Subsequently, Defendant filed the instant motion.

An oral settlement agreement is enforceable, regardless of whether a party subsequently seeks to withdraw from the agreement, provided that there is an offer, acceptance, and meeting of the minds. *See Love v. Bell*, 2005 WL 3180018 (N.D. Ill. Nov. 7 2005) *aff'd by Love v. Bell*, 2006 WL 3615294 (7th Cir. Dec. 8 2006) (plaintiff

4

was bound to oral settlement agreement reached during settlement conference in spite of lack of written agreement and Plaintiff's later desire to withdraw from settlement agreement).

In the present case, the transcript of the proceedings indicates that there was an offer, acceptance, and meeting of the minds between the two parties. Judge Valdez made clear the terms of the settlement and that entering into the settlement orally would be binding. Also, Plaintiff openly and unequivocally agreed to the terms of the settlement. Regardless, Plaintiff does not allege that an offer, acceptance, or meeting of the minds between the parties is absent. Plaintiff only asserts that she received legal advice regarding her ability to use her personal notes in any future court proceedings after the agreement was reached, which appears to be a claim that the agreement was based on a unilateral mistake of fact.

A unilateral mistake may void a contract under the limited circumstances set out in the Restatement (Second) of Contracts § 153(a), and the mistake must be made despite the exercise of reasonable care. *See Chicago Litho Plate Graining Co. v. Allstate Can Co.*, 838 F.2d 927, 931-32 (7th Cir. 1998). A contract is voidable by a party if the party does not bear the risk of mistake under section 154 of the Restatement (Second) of Contracts and the effect of the mistake is such that enforcing the contract would be unconscionable or the other party had reason to know of the mistake or caused the mistake. Restatement (Second) of Contracts § 153(a). A person bears the risk of mistake if she is aware at the time the contract is entered into that she has only limited knowledge with respect to the facts to which the mistake relates but treats her limited knowledge as sufficient. Restatement (Second) of Contracts § 154(b).

Here, Plaintiff bears the risk of mistake because she was aware at the time that she entered into the settlement agreement that she had limited knowledge with respect to the use of personal notes at trial. In addition, enforcement of the settlement agreement would not be unconscionable; and Defendant did not know of or cause the mistake. Accordingly, Plaintiff's subsequent decision to withdraw her agreement does not constitute proper grounds for rescission of her oral agreement.

For the foregoing reasons, Defendant's motion to enforce the settlement agreement is granted.

Dated: March 23, 2007

John W. Darrah
United Stated District Court Judge